```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                                    |   |                      |
|---|---|---|
| EUGENE F. RECTOR,                  | ) |                      |
|                                    | ) |                      |
|     Plaintiff, | ) |                      |
|                                    | ) |                      |
|     v.         | ) | C.A. No. 09-11352-NG |
|                                    | ) |                      |
| DEPARTMENT OF CORRECTION, et al.,  | ) |                      |
|     Defendants.| ) |                      |
|                                    | ) |                      |

GERTNER, D.J.:

## MEMORANDUM AND ORDER
November 30, 2009

For the reasons set forth below, the Court (1) grants the plaintiff's motion to proceed in forma pauperis; and (2) dismisses this action.

## I.  BACKGROUND

On August 7, 2009, plaintiff Eugene F. Rector, currently in custody at the Massachusetts Treatment Center ("Center") in Bridgewater, Massachusetts, filed a complaint in which he alleges that the practice of double-bunking at the facility violates his rights under the Fourteenth Amendment of the United States Constitution.  Rector also filed a motion to proceed in forma pauperis.

Rector represents that he was civilly committed in May 1987 and has been designated a sexually dangerous person.  He alleges that, in 2004, 2005, and 2006, he sent letters or grievances to prison officials complaining of the DOC's policy of double-bunking Center residents, all of whom have been determined to be

sexually dangerous persons.  Rector complains that the cells are too small for double-bunking.  He also asserts that is inherently dangerous to double-bunk sexually dangerous persons because they have been deemed to be a danger to the public at large and therefore are a danger to each other.  Rector does not, however, allege any specific injury from sharing a cell.  In fact, in a 2006 grievance attached to the complaint, he specifically notes that he is "not being threatened or intimidated" by his cell mate.  Compl., Ex. 6.  Rector claims that the practice of double-bunking at the Center violates his rights under the Fourteenth Amendment of the United States Complaint.

This is not Rector's first attempt to challenge double-bunking at the Center.  In 2006, Rector filed in this Court a complaint in which he alleged that double-bunking at the Center violated his constitutional rights.[1]  See Rector v. Dennehy, C.A. No. 06-11722-NG.[2]  Upon screening the complaint, the Court directed Rector to show cause why the action should not be dismissed for failure to state a claim upon which relief could be granted.  See id. (Docket Entry #4).  The Court explained that Rector had failed to allege a constitutional violation because

---

[1] Courts may take judicial notice of proceedings in other relevant cases.  See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004).

[2] All of the exhibits to the complaint in the 2006 action were included as exhibits in the present action.

(1) in Cote v. Murphy, 152 Fed. Appx. 6 (1st Cir. 2005), the First Circuit held that double-bunking at the Center was not per se unconstitutional; and (2) Rector had not alleged facts from which the Court could reasonably infer that Rector had been harmed by or was in danger of being harmed by the double-bunking policy.  Rector later voluntarily withdrew the action so that he could pursue it in state court.  See id.

In the present action, Rector represents that he filed an action in Superior Court in 2007.  See Compl., Exs. 12, 13.  Although Rector does not explicitly identify the subject matter of this lawsuit, an unpublished decision of the Appeals Court of Massachusetts indicates that Rector unsuccessfully challenged double-bunking at the Center.  See Rector v. Dep't of Corr., 73 Mass. App. Ct. 1127, 2009 WL 674156 (Mar. 18, 2009) (unpublished).  The trial court granted the defendants' motion for summary judgment, and the appeals court upheld the dismissal.  See id.  Quoting Cote, the appeals court explained that Rector had not stated a violation of his constitutional rights because the practice of double-bunking was not per se unconstitutional.  See id.  The appeals court noted, but was not swayed by, Rector's representation that he had an ulcer on his leg "that could more easily be infected due to double bunking."  Id.  The Supreme Judicial Court denied further appellate review.  See Rector v. Dep't of Corr., 454 Mass. 1107 (2009).

**II.   DISCUSSION**

    **A.   Motion to Proceed <u>In Forma Pauperis</u>**

Upon review of Rector's motion for leave to proceed <u>in forma pauperis</u>, the Court concludes that the plaintiff has adequately shown that he is without income or assets to pay the filing fee. Accordingly, the Court grants the motion.

    **B.   Screening of the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until a Court conducts a preliminary review of the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  Section 1915 authorizes federal courts to dismiss complaints <u>sua sponte</u> if the claims are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2); <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  In considering whether the complaint clears this hurdle, the Court liberally construes Rector's pleadings because he is proceeding <u>pro se</u>.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

The complaint fails to state a claim for relief for two reasons.  First, as this Court and the Massachusetts state courts have already explained to Rector, the First Circuit has ruled

that double-bunking at the Center is not per se unconstitutional:

> Double-bunking is not a per se violation of due process, but in rare cases might amount to an unlawful practice when combined with other adverse conditions. Yet this is not such a case. The district court properly found an absence of "any factual allegation that demonstrates that double-bunking has [caused] or will cause these plaintiffs any sort of constitutionally-cognizable injury." Based on the amended complaint alone, that conclusion is inescapably true; plaintiffs there simply asserted that they were being put "in harm[']s way."

Cote, 152 Fed. Appx. at 7 (alterations in original; citations omitted). Other than protesting the policy in general, Rector has not alleged that the double-bunking practice has resulted in any specific injury to him. Accordingly, he has failed to state a violation of his constitutional rights.

Second, because Rector has already fully litigated this issue in state court, this Court lacks jurisdiction over the action. Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008). In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'" Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

5

Although Rector does not specifically ask that this Court overturn a state court judgment, he clearly seeks to relitigate the very issues that he unsuccessfully presented to the state courts.  This second bite at the apple is prohibited under the <u>Rooker-Feldman</u> doctrine.

Further, because of Rector's unsuccessful action in state court, the present action is barred under the doctrine of res judicata.  <u>See</u> <u>Maher v. GSI Lumonics, Inc.</u>, 433 F.3d 123, 126 (1st Cir. 2005) ("Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." (quoting <u>Porn v. Nat'l Grange Mut. Ins. Co.</u>, 93 F.3d 31, 34 (1st Cir. 1996))).

Because Rector has thrice failed (twice in this Court and once in state court) to allege any cognizable injury from the practice of double-bunking at the Center, and because he cannot overcome the barriers to suit presented by the <u>Rooker-Feldman</u> and res judicata doctrines, the Court will not afford Rector an opportunity to amend the complaint.

### III. <u>CONCLUSION</u>

ACCORDINGLY:

(1)  The plaintiff's motion to proceed <u>in forma pauperis</u> is granted.

(2)  This action is dismissed under 28 U.S.C. § 1915(e)(2)

for failure to state a claim upon which relief may be granted.


SO ORDERED.

Date: 11/30/09                                  /s/ Nancy Gertner
                                               NANCY GERTNER
                                               UNITED STATES DISTRICT JUDGE